# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00304-CV

In re Robert Lee Martin

ORIGINAL PROCEEDING FROM TRAVIS COUNTY

M E M O R A N D U M   O P I N I O N

Relator has filed a petition for writ of mandamus complaining that the trial court has not taken required action on his motion for appointment of counsel for DNA testing of several items of the victim's clothing, which he says he filed on July 6, 2011.[1] *See* Tex. R. App. P. 52.8. However, we currently have an appeal pending, cause number 03-11-00839-CR, which appears to be an appeal from the trial court's denial of this same motion related to DNA testing.

We believe the two causes concern the same motion because the motion in cause 03-11-00839-CR was filed on July 6, 2011, and sought testing of the victim's clothing. The clerk's record in that cause shows that the trial court denied relator's request on November 18, 2011, and that relator filed his notice of appeal on December 6. The record also includes another order, signed December 20, denying relator's request for an attorney to compare DNA collected from a vaginal swab of the victim to the State's DNA database. The order finds that earlier DNA testing of the swab, performed on relator's unopposed request, "matched the profile of" relator, that "frequency of

_____

[1] Relator did not attach a copy of the motion that is the subject of this mandamus proceeding, so the only information we have about it is the information relator provides in his petition—the date he filed his motion and a general description of the testing he seeks.

occurrence of the major profile in the same was one in 3.840 quintillion unrelated individuals," and that the results were "not exculpatory." The trial court concluded, "Chapter 64 of the Texas Code of Criminal Procedure provides for DNA testing and retesting of evidence containing biological material and not for a trial court to order previously tested results to be compared with the State's DNA database."[2]

Because it appears the trial court has already ruled on the motion that is the subject of this proceeding, and because relator has already obtained DNA test results that were inculpatory,[3] we deny relator's petition for writ of mandamus.

_____

David Puryear, Justice

Before Justices Puryear, Henson and Goodwin

Filed: June 7, 2012

_____

[2] Relator also filed an earlier petition for writ of mandamus, cause number 03-11-00528-CV, complaining that the trial court had not ruled on his December 2010 motion for appointment of counsel for a search of the State's DNA database. In that case, the State filed a response informing us that the trial court had denied the motion, explaining that "forensic CAN testing" of material from a vaginal swab taken from the victim, performed in 2009 on relator's request, had matched relator's DNA and that only an identical twin would have the same DNA profile. After receiving the State's response, we denied relator's petition.

[3] Under the code of criminal procedure, a convicted person is only entitled to DNA testing if "identity was or is an issue in the case" and the convicted person can show by a preponderance of the evidence that he "would not have been convicted if exculpatory results had been obtained." Tex. Code Crim. Proc. Ann. art. 64.03(a) (West Supp. 2011). Because the DNA material from the victim's vaginal swab matched relator's DNA, it is difficult to imagine that testing of her shirt, shoes, jeans, or even panties could possibly bring forth exculpatory results or raise the issue of identity.

2